```
 1                UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF ALABAMA
 2


 3

 4  UNITED STATES OF AMERICA
                                    MONDAY, FEBRUARY 9, 2015
 5  v.
                                    CASE NO. CR14-00054
 6  ADRIANNE DAVIS MILLER,
                                    MOBILE, ALABAMA
 7        Defendant.
                                    COURTROOM 2B
 8  * * * * * * * * * * * * * *

 9

10

11                    REVOCATION
          BEFORE THE HONORABLE CALLIE V. S. GRANADE,
12               UNITED STATES DISTRICT JUDGE

13

14
    APPEARANCES:
15
    FOR THE GOVERNMENT:
16      GLORIA A. BEDWELL
        United States Attorney's Office
17      63 S. Royal Street, Suite 600
        Mobile, AL  36602
18      (251) 441-5845

19  FOR THE DEFENDANT:
        JAMES B. PITTMAN, JR.
20      2102 U.S. 98
        Daphne, AL  36526
21      (251) 626-7704

22  THE CLERK:  MARY ANN BOYLES
    COURT REPORTER:  ROY ISBELL, CCR, RDR, CRR
23
           Proceedings recorded by OFFICIAL COURT REPORTER
24       Qualified pursuant to 28 U.S.C. 753(a) & Guide to
    Judiciary Policies and Procedures Vol. VI, Chapter III, D.2.
25          Transcript produced by computerized stenotype.
```

1    (1:30 p.m., in open court, defendant present.)

2    THE CLERK:  Case set for bond revocation hearing in

3  United States of America versus Adrianne Davis Miller, criminal

4  case number 14-54.  Is the government ready to proceed?

5    MS. BEDWELL:  Ready, Your Honor.

6    THE CLERK:  Is the defendant ready to proceed?

7    MR. PITTMAN:  Ready.  Ready, Your Honor.

8    THE COURT:  All right.  Does the government intend to

9  produce any evidence?

10    MS. BEDWELL:  I'm sorry, Your Honor?

11    THE COURT:  Does the government intend to produce any

12  evidence?

13    MS. BEDWELL:  If the defendant is not willing to admit

14  to the revocation, we're prepared to proceed with testimony.

15    THE COURT:  Mr. Pittman, does the defendant admit to

16  the revocation?

17    MR. PITTMAN:  The defendant does admit to the

18  allegations of the revocation.  Is that correct, Ms. Miller?

19    THE DEFENDANT:  Yes.

20    THE COURT:  All right.  In that case it's only for me

21  to determine what is appropriate to do at this point.  Do you

22  want to argue that, Mr. Pittman?

23    MR. PITTMAN:  Briefly, Your Honor.

24    THE COURT:  All right.

25    MR. PITTMAN:  Your Honor, this is really a difficult

1  situation as an attorney, because Ms. Miller up until very
2  recently has done, in my opinion, everything right.  She has
3  successfully completed the Home of Grace, she was accepted with
4  open arms into their graduate program, she was working full
5  time, she continued to participate there.  She has, as she
6  promised to do, attended proffer sessions that I think were
7  beneficial.
8       And it was just last week that I communicated with
9  Ms. Bedwell to ask if she would consider possibly continuing
10  the sentencing to see if any of those more recent sessions may
11  bear fruit, and she advised me of this situation with
12  Ms. Miller.
13       Your Honor, obviously using again while out on release
14  is an extremely serious misstep.  We'd just ask the court to
15  consider Ms. Miller's body of work leading up to that extreme
16  error in judgment and consider placing her back on some type of
17  restrictive release.
18       THE COURT:  All right.  Does the government have a
19  response?
20       MS. BEDWELL:  We do, Your Honor.  The defendant has
21  not been truthful with the probation officer.  Although she has
22  in theory, I suppose, or perhaps even in practice has actually
23  graduated from the Home of Grace program, it is obvious that
24  none of that was taken to heart by this defendant.  The
25  government submits that at this point, at this stage of the

1 proceedings, that she should be remanded into custody pending

2 the imposition of sentence.

3         THE COURT:  Is there going to be a motion to continue

4 the sentencing at this point or is that still up in the air?

5         MS. BEDWELL:  Not from the government, Your Honor.

6         THE COURT:  All right.  Any response, Mr. Pittman?

7         MR. PITTMAN:  Your Honor, I will speak to Ms. Bedwell,

8 but I don't anticipate one from the defense at this point

9 either.

10         THE COURT:  All right.  Does your client have anything

11 that she would like to say?

12         THE DEFENDANT:  Yes, ma'am.  I am -- I have been

13 compliant, Your Honor, since I graduated from the Home of Grace

14 and I did go to the graduate dorm.  I attended that.  I

15 attended AA meetings, NA meetings every day.  I just -- I

16 received a call from my attorney's office a couple of weeks ago

17 and asked if I would like to do a proffer, and I obviously am

18 scared.  I'm looking at a lot of time.  And so I used that

19 opportunity to try to -- I mean, and I was weak.  I fell.  I

20 didn't continuously use.  I used one time.  And I know one time

21 is all it takes.  But I just -- if you -- I would just ask if

22 you would please have mercy on me and give me these next couple

23 of weeks with my family before I get sentenced.  And with my

24 fiancee that's here.  (Indicating.)

25         THE COURT:  All right.  Well, unfortunately the

conditions of your bond did require that you refrain from the
use of any controlled substance.  And I understand that this
was even an intravenous use of controlled substance.  So I
don't think it's safe to allow you to remain out pending
sentencing.  Sentencing is scheduled in just a few weeks.  So I
do now remand you to the custody of the United States Marshal
pending sentencing.

We're adjourned.

(This hearing concluded at approximately 1:34 p.m.)

# C E R T I F I C A T E

STATE OF ALABAMA)

COUNTY OF BALDWIN)


     I do hereby certify that the foregoing proceedings were taken down by me and transcribed using computer-aided transcription and that the foregoing is a true and correct transcript of said proceedings.

     I further certify that I am neither of counsel nor of kin to any of the parties, nor am I in anywise interested in the result of said cause.

     I further certify that I am duly licensed by the Alabama Board of Court Reporting as a Certified Court Reporter as evidenced by the ACCR number following my name found below.

_____  8/18/2015
ROY ISBELL, CCR, RDR, RMR, RPR, CRR
ACCR #22
COURT REPORTER, NOTARY PUBLIC
STATE OF ALABAMA AT LARGE

My Commission Expires: 10/7/2017

Certified Court Reporter
   Alabama Board of Court Reporters
Registered Professional Reporter
Registered Merit Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
   National Court Reporters Association