IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIANNE DAVIS MILLER, * | |
| # 15437-002, * | |
| * | |
| Petitioner, * | |
| * | CRIMINAL NO. 14-00054-CG-B-4 |
| vs. * | CIVIL ACTION NO. 16-00181-CG-B |
| * | |
| UNITED STATES OF AMERICA, * | |
| * | |
| Respondent. * | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Adrianne Davis Miller's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and addendums thereto (Docs. 351, 352, 354, 359), the United States' response in opposition (Doc. 360), Miller's reply (Doc. 375), and the United States' response to this Court's order dated May 20, 2019 (Doc. 413). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Upon consideration, the undersigned hereby recommends that Miller's

---

[1] The Honorable Senior United States District Judge Callie V.S. Granade presided over the proceedings in this action. The undersigned has reviewed Miller's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **GRANTED** in part and **DISMISSED WITHOUT PREJUDICE** in part.

I. <u>**PROCEDURAL BACKGROUND**</u>

Petitioner Adrianne Davis Miller was indicted on March 27, 2014, on charges of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2 (count one); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count four); and possession of a List I chemical with knowledge and reasonable cause to believe it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2 (count five). (Doc. 1). On October 15, 2014, Miller's appointed counsel, James Pittman, Jr., advised the Court of Miller's intention to enter into a counseled plea agreement. (Doc. 123). On October 23, 2014, pursuant to the plea agreement, Miller pleaded guilty to counts one and five of the indictment. (Docs. 125, 126, 216). As part of the plea agreement, Miller agreed to waive her right to challenge her guilty plea, conviction, or sentence in a direct appeal or a collateral attack, except that Miller reserved her right to challenge any sentence imposed in excess of the statutory maximum, any sentence which constituted an upward departure or variance from the advisory guidelines range, and any claim of ineffective assistance of

counsel. (Doc. 125 at 11-12). The Court accepted Miller's guilty plea and adjudged her guilty. (Doc. 216 at 18).

On February 11, 2015, attorney Domingo Soto appeared as retained counsel for Miller (Doc. 163), and Pittman, Miller's appointed counsel, was permitted to withdraw on February 16, 2015. (Docs. 166, 167). On April 23, 2015, Miller was sentenced to 180 months in prison, and a notice of no-appeal, signed by Miller and her counsel, Soto, was filed with the Court. (Doc. 248; Doc. 308 at 38). On April 28, 2015, the Court entered a judgment consistent with the pronounced sentence. (Doc. 251). On the same date, a *pro se* notice of appeal was filed on Miller's behalf. (Doc. 253). An amended judgment correcting a clerical mistake in the original judgment was entered on April 30, 2015. (Doc. 256).

The appellate filing fee for Miller's appeal was paid by her boyfriend/fiancée, Lonnie Campbell, on April 30, 2015. (Doc. 260). On May 1, 2015, the Clerk of Court for the Eleventh Circuit Court of Appeals issued a notice to counsel/parties, which stated, *inter alia*, that Miller was required to file a transcript information form within fourteen days or her appeal would be dismissed without further notice. DKT-2 Appeal With Deficiency, United States v. Miller, No. 15-11896-B, (11th Cir. May 1, 2015). The heading of the notice was addressed only to attorney Soto, not to Miller. Id. at 1. On May 21, 2015, the Eleventh Circuit Clerk of Court sent a second notice, which was addressed to both Miller (at FCI

3

Aliceville) and to attorney Soto.  DIS-1 Deficiency, Miller, No. 15-11896-B (11th Cir. May 21, 2015).  The notice advised that a transcript information form had not been filed and that Miller's appeal would be dismissed after fourteen days unless the form was filed.  Id.

On May 29, 2015, Miller submitted a *pro se* motion for extension of time, wherein she stated that she had been in transit to FCI Aliceville from February until May 2015 and requested a sixty-day extension of time to file the transcript information form.  Motion for Extension of Time, Miller, No. 15-11896-B (11th Cir. May 29, 2015). On June 9, 2015, the Eleventh Circuit Clerk of Court returned Miller's motion to her, along with a letter that advised: "I am returning to you unfiled the pro se papers which you have submitted. Because you are represented by counsel, the rules of this court do not allow us to accept these papers from you."  PRO-3 Letter Returning Papers Unfiled, Miller, No. 15-11896-B (11th Cir. June 9, 2015).  That same day, Miller's direct appeal was dismissed for failure to prosecute because the transcript information form was not filed.  (Doc. 287).

In a letter dated June 17, 2015, Miller responded to the Clerk's letter of June 9, 2015. Letter from Appellant, Miller, No. 15-11896-B (11th Cir. June 17, 2015).  Miller advised that she was not aware she was currently represented by counsel on her direct appeal, that she had paid the appeal fee herself, and that she "was

4

advised by previous counsel that she would not be represented by counsel in this process." Letter from Appellant, Miller, No. 15-11896-B (11th Cir. June 17, 2015).[2] Miller had no success in having her appeal reinstated.[3]

On April 19, 2016, Miller filed the instant motion seeking post-conviction relief under 28 U.S.C. § 2255.[4] (Doc. 351). She then filed addendums to the motion on April 28, 2016[5] and July 26, 2016. (Docs. 352, 354, 359). In her motion and addendums, Miller sets forth the following claims:

> 1. Her guilty plea was unknowing and involuntary because her court-appointed counsel misinformed her as to her mandatory minimum sentence and as to the sentence she was likely to receive. (Doc. 351 at 3-5).

---

[2] It appears that Miller reached out to both attorneys to request their assistance in clarifying to the Eleventh Circuit that she was not represented, but to no avail. See Letter from Appellant, Miller, No. 15-11896-B (11th Cir. June 17, 2015).

[3] Also, in July 2017, Miller filed another notice of appeal in order to protect her rights in the event this Court, without her knowledge, had denied the instant § 2255 motion. (Doc. 384). Because Miller's § 2255 motion had not been denied and remained pending, the Eleventh Circuit found Miller's July 2017 notice of appeal premature and dismissed her appeal, *sua sponte*, for lack of jurisdiction. (Doc. 388). Miller's ineffective assistance claim in the instant motion relates only to her 2015 appeal.

[4] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). (See Doc. 351 at 17).

[5] Miller re-filed the first addendum on May 20, 2016, with additional certificates showing courses completed during her incarceration. (Doc. 354).

5

2. Her appointed counsel was ineffective for failing to object to the drug quantity that drove her guidelines sentencing range. (Id. at 5-7).

3. Her retained counsel was ineffective for failing to file an appeal on her behalf after she requested counsel to do so. (Id. at 2-4).

4. Her retained counsel was ineffective for failing to seek a two-level minor role adjustment at sentencing. (Id. at 9).

5. The Assistant United States Attorney committed prosecutorial misconduct by refusing to file a substantial assistance motion pursuant to U.S.S.G. § 5K1.1. (Id. at 7-9).

6. Her attorneys were ineffective in failing to take steps to ensure that the Government filed a substantial assistance motion. (Id. at 8-9).

7. Her sentence was unconstitutionally enhanced based on the United States Supreme Court's holdings in Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). (Docs. 352, 354).

8. She should receive the benefit of Amendment 794 to the United States Sentencing Guidelines, which clarified the factors for courts to consider when determining whether a defendant should be granted a minor role reduction under U.S.S.G. § 3B1.2. (Doc. 359).

The United States filed a response in opposition to Miller's motion on August 8, 2016, and Miller then submitted a reply. (Docs. 360, 375). After reviewing the file and the parties' submissions, the Court entered an order dated May 20, 2019. (Doc. 410). In the order, the undersigned summarized the circumstances surrounding Miller's filing of a *pro se* direct appeal in April 2015 and the Eleventh Circuit's dismissal of that appeal for want of prosecution, and further outlined the relevant law concerning

constitutionally ineffective assistance of counsel for failure to file, preserve, or prosecute a defendant's appeal. (Id. at 3-7). The undersigned ordered the United States to file a response setting forth its position as to whether, in view of the law and facts outlined in the order, Miller's § 2255 motion should be granted for the purpose of allowing her to file an out-of-time appeal. (Id. at 7).

In its response to the Court's order, the Government stated that based upon its examination of the facts, "the United States does not object to the entry of an order that allows Miller to file an out-of-time direct appeal with the Eleventh Circuit." (Doc. 413 at 1). However, the United States emphasized that it does not concede that Miller is entitled to relief on any of the other claims she asserts in her § 2255 motion or any relief from her convictions or sentence. (Id.). Miller's motion is now ripe for review.

## II. HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally

7

> convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008) (quotation marks in original).

**III. DISCUSSION**

Miller contends that she was denied effective assistance of counsel when her retained counsel, attorney Soto, failed to file a direct appeal on her behalf "after she specifically asked him to[.]" (Doc. 351 at 2). In her § 2255 motion, Miller stated: "Miller asked [attorney Soto] to file an appeal. He did not. She then tried to do it herself, but was informed by the Eleventh [Circuit] that she couldn't because records indicated that an attorney was on file." (Id. at 3).

The United States originally filed a response arguing that Miller's counsel was not ineffective for failing to file an appeal on her behalf because Miller filed a *pro se* notice of appeal and "opted to handle [the appeal] herself." (Doc. 360 at 10). The United States attached to its response the affidavit of attorney

8

Pittman, who was initially appointed to represent Miller, and also the affidavit of attorney Soto, who Miller later retained following her guilty plea. (Docs. 360-1, 360-2). In his affidavit, Soto stated that after her sentencing, Miller believed she had been treated unfairly by the court and that, in discussing an appeal with her, he reminded her that she had waived most of her appeal rights, except for claims of ineffective assistance of counsel. (Doc. 360-2 at 1-2). According to Soto, it was obvious to him that Miller was dissatisfied with his performance and that of her prior counsel, and that she intended to make ineffective assistance of counsel claims against them. (Id. at 2). Soto thus advised Miller that he believed it would be unethical to represent her as retained counsel on appeal and, as a result, Miller agreed to hire another attorney. (Id.). Soto prepared a "pro se" notice of appeal in order to safeguard Miller's appeal deadline. (Id.). According to Soto, he was contacted by another attorney shortly thereafter, and they discussed Miller's case. (Id.). The attorney later informed Soto that he was "withdrawing" from the case because of the appeal waiver in Miller's plea agreement. (Id.). However, the record does not reflect that Soto filed a motion to withdraw from further representation of Miller or that another attorney ever appeared on her behalf.[6] And, as noted *supra,* Miller's appeal was dismissed

---

[6] S.D. Ala. CrimLR 44(a), which sets forth obligations of retained counsel in criminal cases in this district, provides:

9

because the transcript form was not filed, and her request for an extension was returned to her because the record reflected that she was still represented by counsel, notwithstanding her *pro se* notice of appeal.

The United States Supreme Court has held that, "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'" Garza v. Idaho, 139 S. Ct. 738, 742 (2019) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)). Importantly, the Garza court held that "the presumption of prejudice recognized in Flores-Ortega applies regardless of whether the defendant has signed an appeal waiver." Id.; see also Lacey v. United States, 2019 U.S. App. LEXIS 10235, at *1-2 (11th Cir. April 2, 2019) (although Petitioner signed and filed a "Notice of No Appeal," "the Supreme Court's recent decision

---

In the event that a Defendant is convicted, retained counsel shall advise the Defendant of his/her right to appeal and of his/her right to counsel on appeal. . . . If the Defendant does not seek an appeal, counsel shall file a statement, signed by both attorney and client, that he/she has informed the Defendant of his/her right to appeal and his/her right to obtain counsel on appeal but that the Defendant has advised him/her that he/she does not seek an appeal. Upon the filing of this statement of non-appeal, the attorney's responsibility to represent the client will terminate.

S.D. Ala. CrimLR 44(a)(2).

in Garza v. Idaho, 139 S. Ct. 738, 203 L. Ed. 2d 77 (2019) . . . held that the presumption of prejudice applies to the failure of defense counsel to carry out his client's request to appeal 'regardless of whether the defendant has signed an appeal waiver.'" Id. at 742. Lacey, despite having signed such an appeal waiver, contends that he instructed his counsel to appeal. Whether he did so is a contested issue of fact that entitles him to an evidentiary hearing in the district court on his motion under 28 U.S.C. § 2255.") (vacating its decision in Lacey v. United States, 2019 U.S. App. LEXIS 4329, 2019 WL 582033 (11th Cir. Feb. 13, 2019) and remanding the case to the district court for further proceedings in light of Garza.).

In the same vein, courts within this circuit have found constitutionally ineffective assistance of counsel for failure to preserve or prosecute a defendant's appeal. See Boynton v. United States, 2008 WL 706198, at *3 (S.D. Ga. Mar. 14, 2008) ("Although Petitioner's counsel contends that he failed to properly prosecute Petitioner's appeal because he did not receive any notices concerning the appeal, a reasonable lawyer, at that appellate stage, would have investigated the status of Petitioner's appeal and taken the necessary actions. Thus, [the attorney's] failure to pay the appropriate appellate fees or order the necessary transcript denied Petitioner effective assistance of counsel and has prevented Petitioner from pursuing an appeal. The appropriate remedy for this

11

situation, then, is to allow Petitioner to pursue an out-of-time appeal."); United States v. McCorvey, 2016 U.S. Dist. LEXIS 88291, at *2-4, 2016 WL 3675500, at *1-2 (N.D. Fla. June 9, 2016) (finding that defendant was "entitled to relief on his claim that counsel was constitutionally ineffective with respect to the appeal" when the Eleventh Circuit dismissed the appeal for want of prosecution due to the failure to timely file a transcript order form despite the fact that counsel "stated that he never intended to represent [the defendant] on appeal, and he noted that during their post-sentencing conversation about an appeal, his former client had expressed his intent to retain other private counsel and had consulted with at least three other criminal defense attorneys"), report and recommendation adopted, 2016 U.S. Dist. LEXIS 88338, 2016 WL 3676517 (N.D. Fla. July 7, 2016); see also Hardaway v. Robinson, 655 F.3d 445, 449 (6th Cir. 2011) (holding that petitioner was entitled to a new direct appeal after his appellate counsel's failure to file a timely appellate brief "rendered [petitioner's] direct appeal 'entirely nonexistent.'"); Johnson v. Champion, 288 F.3d 1215, 1228 (10th Cir. 2002) (same).

Although Miller, who is proceeding *pro se*, has alleged ineffective assistance based on her attorney's failure to file an appeal on her behalf, the true essence of her claim is that, through no fault of her own, the Eleventh Circuit dismissed her appeal because Soto was still listed as her counsel of record, and as a

12

result, her request for an extension of time to file the transcript form was not considered. The undersigned finds that under the circumstances set out above, Miller's habeas petition should be granted only to the extent that she be permitted to pursue an out-of-time appeal.

Ordinarily, a district court must "resolve all claims for relief raised in a petition for writ of habeas corpus . . . regardless of whether habeas relief is granted or denied." Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992). However, in this context, where a § 2255 petitioner claims she has been denied the right to a direct appeal, the Eleventh Circuit "think[s] the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal." McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002). Although a court could consider the remaining claims on the merits, as Clisby usually requires, such an approach might entail "significant inefficiencies." Id.

The procedure the Eleventh Circuit has developed when a district court concludes that an out-of-time appeal is the appropriate remedy in a § 2255 proceeding is as follows: the district court should (1) vacate the criminal judgment from which the petitioner seeks to appeal; (2) reimpose the same sentence; (3) upon reimposition of that sentence, advise the petitioner of all the rights associated with an appeal from any criminal sentence;

and (4) advise the petitioner of the time for filing a notice of appeal from the reimposed sentence under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Notably, a district court may carry out this procedure without convening a hearing. United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005); United States v. Martin, 206 F. App'x 893, 897 n.3 (11th Cir. 2006).

Accordingly, for the reasons set forth above, Miller's motion to vacate should be granted in part, so as to allow her to pursue an out-of-time appeal, and denied without prejudice as to all remaining claims. See McIver, 307 F.3d at 1331 n.2 (stating that where the district court grants a § 2255 petitioner's claim seeking an out-of-time appeal, "the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal"); Jones v. United States, 2008 U.S. Dist. LEXIS 32741, at *1-2, 2008 WL 1806202, at *1 (M.D. Ala. Apr. 21, 2008) (granting § 2255 petitioner's request for relief to the extent he sought to file an out-of-time appeal, and denying remaining claims for relief without prejudice).

**IV. CONCLUSION**

Accordingly, the undersigned RECOMMENDS that Miller's 28 U.S.C. § 2255 motion be **GRANTED** in part and **DISMISSED WITHOUT PREJUDICE** in part as follows:

14

1. That, as to her claim with respect to the dismissal of her appeal, Miller's motion be granted to permit her to file an out-of-time direct appeal with the Eleventh Circuit and, more specifically, that:

> a. The amended judgment in Criminal Case No. 1:14-cr-00054-CG-B-4 imposed on April 23, 2015 and entered on April 30, 2015 (Doc. 256) be vacated;
>
> b. The same sentence then be reimposed and the identical judgment in the criminal case be re-entered;
>
> c. Miller be advised that she must file any notice of appeal from the re-entered judgment within the fourteen-day period provided by Fed. R. App. P. 4(b)(1)(A)(i); and
>
> d. Miller be advised that she has the right to appeal from the re-entered judgment in the criminal case and that, if she cannot afford a lawyer, one will be appointed for her.

2. That Miller's remaining claims for relief in her § 2255 motion be dismissed without prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **June, 2019.**

                                           /s/ SONJA F. BIVINS
                             **UNITED STATES MAGISTRATE JUDGE**